# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal No. 09-205 |
| ) | |
| DENISE BONFILIO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

On July 8, 2013, the court conducted a hearing at which it granted a motion to withdraw as counsel (ECF No. 149) filed by counsel for defendant Denise Bonfilio ("defendant"). The most recent attorney to withdraw was defendant's fifth attorney since the commencement of proceedings against her. Following a colloquy given pursuant to Faretta v. California, 422 U.S. 806 (1975), the court found defendant competent and concluded that defendant knowingly and voluntarily waived her right to counsel, and permitted defendant to proceed pro se for the sentencing phase of proceedings against her. The following memorandum opinion clarifies the court's reasons for not appointing a sixth attorney to represent defendant at her sentencing.

### I. Background

Defendant was convicted by a jury on September 20, 2013 of eight counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of conspiracy to engage in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1956(h). (ECF No. 102.) Trial counsel was the third attorney to represent defendant in the instant proceedings. Following the jury verdict, defendant filed a pro se motion for removal of counsel (ECF No. 108) which the court granted. (Text order dated 10/31/2013.)

Defendant filed another pro se motion for new counsel on June 10, 2013, making

numerous allegations with respect to the actions of counsel number four. (ECF No. 143.) Counsel number four filed a motion to withdraw on June 14, 2013, citing irreconcilable differences between defendant and him. (ECF No. 144.) At a hearing conducted on June 14, 2013, the court heard from defendant and counsel number four, as well as counsel for the government. The court acknowledged that there had been difficulties in communication between defendant and counsel number four which led to the complete breakdown in the attorney-client relationship. The court granted the motion to withdraw and denied defendant's pro se motion for new counsel as moot. At the hearing on June 14, 2013, the court cautioned defendant several times that no further counsel would be appointed, and that she would have to cooperate with her fifth appointed counsel or would be forced to proceed pro se. (Hr'g Tr. 6/14/2013 at 9, 21) ("I'm going to tell you right now, if you get one more counsel and it doesn't work out, you're on your own. . . . I am telling you, Ms. Bonfilio, that whatever happens with this new counsel, if it doesn't go well, she's going to have to make a choice. She either stays with that counsel or she [will be] representing herself. There will be no additional counsel appointed.").

The court appointed counsel number five on June 26, 2013 and held a status conference on July 1, 2013 to discuss the status of proceedings against defendant. At the status conference, the court was informed that counsel number five would be filing a motion to withdraw as defendant's attorney. Specifically, the court was advised by counsel number five that: "I don't like to be yelled at on the phone. I don't like to have abusive e-mails sent to me, I'm not going to tolerate it. I don't like to be second guessed . . . This is not going well." (Hr'g Tr. 7/1/2013 at 10.) The court again informed defendant that she would have the choice to either work with counsel number five or proceed pro se. Defendant responded: "to be honest with you, I'm fine with that, I'd rather go pro se at this point. I'm 100 percent fine with that because [counsel

number five] has taken some odd ball position in my opinion . . . I'm fine with going pro se. I know what you told me. . . . [The court] put on the record that [counsel number five is] my last lawyer and he just seems to be very focused on he's my fifth lawyer and I don't think gave me a shot." (Id. at 9.) At a hearing on July 8, 2013, defendant reiterated her decision to proceed pro se in lieu of being represented by counsel number five. (Hr'g Tr. 7/8/2013 at 5) ("Given those two choices, I would prefer, being those are my only two choices, to move pro se."). The court conducted a colloquy pursuant to Faretta, accepted defendant's waiver of her right to counsel, and found her competent to proceed pro se with the sentencing phase of proceedings. (Id. at 15-16.)

## II.     Discussion

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. The right to counsel is "fundamental." Gideon v. Wainwright, 372 U.S. 335 (1963). The constitutional right to counsel may be waived, however, if such a waiver is knowing, voluntary, and intelligent. United States v. Goldberg, 67 F.3d 1092, 1099 (3d Cir. 1995). The Court of Appeals for the Third Circuit has acknowledged that "there are circumstances in which the dilatory tactics of a defendant can amount to a forfeiture of his right to counsel." Id. at 1094. In those circumstances courts apply the concept of "waiver by conduct," which applies "[o]nce a defendant has been warned that he will lose his attorney if he engages in dilatory tactics, any misconduct thereafter may be treated as an implied request to proceed *pro se* and, thus, as a waiver of the right to counsel." Id. at 1100. Waiver by conduct is not valid "unless the defendant also receives Faretta warnings." Id. The court of appeals in Goldberg went to great lengths to distinguish between "waiver," "forfeiture," and "waiver by conduct." Id. at 1099-1101. The court ultimately

3

concluded that "forfeiture would appear to require extremely dilatory conduct. On the other hand, a 'waiver by conduct' could be based on conduct less severe than that sufficient to warrant a forfeiture." Id. at 1101.

Most courts addressing the issue of waiver by conduct prior to sentencing rely upon the fact that the defendant did not receive a full Faretta colloquy. E.g. United States v. Salemo, 61 F.3d 214 (3d Cir. 1995), superseded by rule on other grounds, United States v. Turner, 677 F.3d 570 (3d Cir. 2012); United States v. Low, 401 F. App'x 664, 668 (3d Cir. 2010). In United States v. Thomas, 357 F.3d 357 (3d Cir. 2004), the Court of Appeals for the Third Circuit affirmed the district court's finding that the defendant waived his right to counsel after having been appointed four attorneys prior to trial. Thomas, 357 F.3d at 359-60. The defendant in Thomas engaged in dilatory conduct such as demanding that counsel file frivolous motions, yelling at counsel, and engaging in generally abusive behavior. Id. at 360-61. The district court warned the defendant that continued refusal to cooperate with defense counsel would result in a waiver of his right to counsel, informed the defendant of the difficulties of proceeding pro se, and reviewed the potential penalties he faced. Id. at 361, 364. The district court appointed standby counsel for defendant. Id. The court of appeals concluded that defendant's misconduct was sufficiently severe to constitute both forfeiture (involving "extremely serious misconduct") and waiver by conduct. Id. at 362-63.

Like the defendant in Thomas, the court finds that defendant's dilatory conduct led to waiver of her right to counsel at the sentencing phase these proceedings. Even before trial, two attorneys cited irreconcilable differences with defendant, resulting in their withdrawal from representation. (ECF Nos. 53, 73.) Defendant moved to remove trial counsel days after the jury rendered its verdict. (ECF No. 108.) Defendant's fourth and fifth attorneys likewise cited

irreconcilable differences, with defendant's fifth attorney announcing his intention to withdraw a mere five days after being appointed by the court. (ECF Nos. 144, 148.) At the hearings on the motions to withdraw, the court was informed of defendant's abusive behavior toward counsel and requests to proceed at sentencing the way she wished, despite counsel's opinion that those actions would be frivolous. Defendant's actions appear to be, at least in part, an attempt to delay her sentencing and avoid serving any sentence that may be imposed by the court.

In light of the testimony at the hearings on the motions to withdraw, it is clear that defendant was not able to work with any of the five lawyers appointed by the court. Defendant's attitude caused it to be impossible for those lawyers—all of whom the court finds to be competent, well-respected criminal defense lawyers—to continue representing her. The court warned defendant several times that her behavior would lead the court to not appoint any more lawyers to represent her, and that she would have to proceed pro se. Upon withdrawal of defendant's fifth lawyer, the court conducted a full Faretta colloquy—tailored to the special circumstances surrounding sentencing proceedings—informed defendant of the risks of proceeding pro se, and informed defendant of the penalties she faces at sentencing. Following the colloquy, the court found that defendant knowingly and voluntarily made the choice to proceed pro se, in light of the court's prior warning. The court also clarified that defendant was choosing not to work with counsel number five, despite giving her that option. Finally, the court appointed standby counsel to assist defendant at the sentencing phase of proceedings.

For all the above-stated reasons and for the reasons set forth on the record at the hearings on the motions to withdraw, the court concludes that defendant waived her right to counsel through dilatory conduct, and that she knowingly and voluntarily waived that right following repeated warnings by the court.

Dated: July 31, 2013

                                                        BY THE COURT:

                                                        <u>/s/ Joy Flowers Conti</u>
                                                        Joy Flowers Conti
                                                        United States District Judge

cc.      Denise Bonfilio
          2208 Fairhill Playground Rd.
          Sewickley, PA 15143